**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHERINE GIZINSKI, | : | |
|     Plaintiff | : | No. 1:16-cv-00589 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MISSION MOBILITY, LLC, | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, alternatively, Defendant's motion to transfer venue from this Court to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404. (Doc. No. 5.) The motion has been fully briefed and is ripe for disposition. (Doc. Nos. 9, 11-12.) For the following reasons, the Court will deny the motion to dismiss and grant the motion to transfer these proceedings to the United States District Court for the Eastern District of Virginia.

I.    **BACKGROUND**[1]

Defendant Mission Mobility, a Delaware Limited Liability Company with its principal place of business in Norfolk, Virginia, employed Plaintiff Katherine Gizinski as a Sales Director from September 24, 2012 until October 15, 2015. (Doc. Nos. 1 ¶¶ 6-8; 5 ¶ 4.) As Sales Director, Defendant worked from home offices in Alabama, Colorado, and Pennsylvania. (Doc. No. 1 ¶ 8.) As Defendant's employee, Plaintiff was entitled to an annual salary, commission, and

---

[1] The following background is taken from Plaintiff's complaint. (Doc. No. 1.) Plaintiff's allegations are accepted as true for the purpose of the instant motion to dismiss. See Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992) ("We are satisfied that courts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.").

1

various benefits which are outlined in the exhibits attached to the complaint.  (Doc. Nos. 1 ¶¶ 10-13; 1-1 at 1, 4-5.)

At an unknown time, Defendant began to belatedly deposit Plaintiff's paychecks.  (Doc. No. 1 ¶ 14.)  Plaintiff thereafter voluntarily separated from Defendant.  (Id. ¶ 18.)  However, Defendant failed to pay Plaintiff's final paycheck, commissions due to her, and compensation for her accrued vacation time.  (Id. ¶¶ 19, 23.)  Because Plaintiff has been unable to collect her compensation, Plaintiff commenced this action on April 8, 2016.  (Id. ¶ 20.)  Plaintiff alleges that Defendant breached her employment contract by failing to pay the agreed compensation.  (Doc. Nos. 1 ¶¶ 22-23; 1-1 at 1, 4-5.)  In addition, Plaintiff alleges that Defendant violated Pennsylvania's Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1 et seq. (1961), by failing to pay her wages on her regular payday.  (Doc. No. 1 ¶ 25.)

On June 16, 2016, Defendant moved to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or transfer Plaintiff's action pursuant to 28 U.S.C. § 1404.  (Doc. No. 5.)  Defendant argues that because this Court lacks personal jurisdiction over Defendant, Plaintiff's claims must be dismissed.  (Id. at 1.)  Alternatively, Defendant argues that the Middle District of Pennsylvania is an improper venue for this action, and that therefore, the action should be dismissed.  (Id.)  Finally, Defendant argues that even if this Court does have personal jurisdiction over Defendant, and even if the Middle District of Pennsylvania is a proper venue, the action should be transferred from this Court to the United States District Court for the Eastern District of Virginia.  (Id.)  The motion has been fully briefed and is now ripe for disposition.  (Doc. Nos. 9, 11-12.)

II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. Pro. 12(b)(2). Once "the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). However, at the pleading stage, the plaintiff must only establish a prima facie case of personal jurisdiction over the defendant, and the court must accept plaintiff's allegations as true and construe disputed facts in the plaintiff's favor. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009); Carteret Sav. Bank, 954 F.2d at 146. The court may consider the parties' affidavits and other evidence when making determinations regarding personal jurisdiction. See Metcalfe, 566 F.3d at 330; Connell v. CIMC Intermodal Equip., No. 1:16-CV-714, 2016 WL 7034407, at *1 (M.D. Pa. Dec. 2, 2016).

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss for improper venue. Fed. R. Civ. Pro. 12(b)(3). The defendant has the burden of establishing improper venue, Connell, 2016 WL 7034407, at *2 (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 725 (3d Cir. 1982)), and the court must accept the allegations in the pleadings as true and view facts in the light most favorable to the plaintiff, Connell, 2016 WL 7034407, at * 2; Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005). If a district court determines that venue is improper, the court must either dismiss the complaint or transfer the case "to any district or division in which it could have been brought," as long as transfer is "in the interest of justice." 28 U.S.C. § 1406(a).

III.   **DISCUSSION**

Defendant argues that the Court lacks personal jurisdiction over Defendant and that venue in the Middle District of Pennsylvania is improper. (Doc. No. 5 at 1.) Alternatively, Defendant requests that the Court transfer these proceedings to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404. (Id.) The Court will consider each of these arguments in turn.

   A.  **Personal Jurisdiction**

"A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." Carteret Sav. Bank, 954 F.2d at 144-45 (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987)). The Pennsylvania long-arm statute permits the Court to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States . . . ." 42 Pa. Cons. Stat. § 5322(b). Therefore, in its exercise of personal jurisdiction, this Court is constrained only by the Due Process Clause of the United States Constitution, which requires that a defendant "have certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). Requiring "minimum contacts" between the defendant and the forum state gives "fair warning" to a defendant that he or she may be called to defend a lawsuit in that state. See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).

Two types of personal jurisdiction conform with these notions of due process. General jurisdiction exists when a defendant has "systematic and continuous contacts" with the forum state. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415 (1984); Marten, 499 F.3d

at 296.  Specific jurisdiction exists when the claims arise out of or relate to activities that the defendant "purposefully directed" at the forum state.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); Helicopteros, 466 U.S. at 414; Marten, 499 F.3d at 296.  To determine whether specific jurisdiction exists, the court must consider: (1) whether the defendant "purposefully directed" activities at the forum state and (2) whether the plaintiff's claims arise out of or relate to those activities.  Marten, 499 F.3d at 296.  If these two factors are met, the court may determine whether exercising personal jurisdiction over the defendant "comport[s] with fair play and substantial justice."  Id. (quoting Burger King, 471 U.S. at 476).

In this case, Plaintiff asserts that the Court has specific jurisdiction over Defendant.  (Doc. No. 11 at 5.)  In general, Plaintiff maintains that Defendant "purposefully directed" activities at the Commonwealth of Pennsylvania by allowing Plaintiff to move to and work in Pennsylvania and by complying with legal obligations regarding employing a Pennsylvania resident.  Specifically, Plaintiff alleges that she moved from Colorado to Pennsylvania after discussing her move with Defendant's CEO, Michael Smack.  (Doc. No. 11-1 ¶¶ 5.)  Plaintiff claims that Mr. Smack indicated that "it was critical to Mission Mobility's success, and consequently, the security of [Plaintiff's] employment[,] that Mission Mobility have a presence within driving distance of the greater D.C. area."  (Id. ¶ 5.)  Plaintiff alleges that in order to be in reach of "the greater D.C. area," she discussed the possibility of a home office in Maryland, Pennsylvania, or West Virginia with Mr. Smack.  (Id. ¶ 9.)  After Plaintiff moved to Pennsylvania, Plaintiff avers that Defendant updated employment records to reflect Plaintiff's new Pennsylvania address, paid payroll taxes to the Commonwealth of Pennsylvania, and deposited paychecks and commissions directly into Plaintiff's Pennsylvania bank account.  (Doc. Nos. 11 at 5-6; 11-1 ¶ 10.)  Plaintiff then alleges that Plaintiff's claims relate to Defendant's

5

activities in Pennsylvania, as Defendant's alleged failure to pay Plaintiff her salary and commissions occurred while she was a Pennsylvania resident. (Doc. No. 11 at 6.)

However, Defendant argues that it never "purposefully directed" activities at Pennsylvania because Plaintiff's residence in Pennsylvania was a personal choice made by Plaintiff and her husband. (Doc. No. 12 at 7, 9-10.) Defendant alleges that it is a Delaware LLC with its principal place of business in Norfolk, Virginia. (Doc. No. 5 ¶ 4.) Defendant asserts that it has no customers in Pennsylvania, nor is it licensed to conduct business in Pennsylvania. (Id. ¶ 5.) Defendant claims that it entered into the employment agreement with Plaintiff when Plaintiff resided in Alabama and Defendant was located in Virginia. (Id.) In addition, Defendant asserts that Plaintiff's job duties did not require her to solicit Pennsylvania customers; instead, Plaintiff was required to travel outside of Pennsylvania to visit customers in other states. (Id.) Defendant avers that not only did it not ask Plaintiff to live in Pennsylvania, but also Defendant's headquarters are already located within "driving distance of the greater D.C. area," and therefore, Defendant had no reason to need Plaintiff in this part of the country. (Doc. Nos. 12 at 3, 5-6; 12-1 ¶¶ 1-7) Finally, Defendant speculates that Plaintiff moved to Pennsylvania due to her husband's change of employment and her desire to be closer to family. (Doc. Nos. 12 at 7; 12-1 ¶ 8.)

The Court agrees with Defendant that, accepting Plaintiff's allegations as true, Plaintiff fails to meet her burden of establishing a prima facie case of personal jurisdiction over Defendant. See Metcalfe, 566 F.3d at 330; Carteret Sav. Bank, 954 F.2d at 146. Plaintiff admits that Defendant hired her when she lived outside of Pennsylvania, (Doc. No. 11-1 ¶ 4), and Plaintiff fails to allege that Defendant required her to work with or solicit Pennsylvania customers. See Connell, 2016 WL 7034407, at * 3 (finding no personal jurisdiction over the

defendant because the defendant hired the plaintiff to work outside of Pennsylvania, the defendant did not ask the plaintiff to work in Pennsylvania, and the defendant did not direct any business at or have any customers in Pennsylvania); see also Touzot v. ROM Dev. Corp., No. 15-6289, 2015 WL 6082123, at *6 (D.N.J. Oct. 15, 2015) (exercising personal jurisdiction over the defendant even though the employment agreement at issue was not negotiated in the forum state because the agreement explicitly discussed soliciting business from the forum state); Chadwick v. St. James Smokehouse, Inc., No. 14-2708-WJM-MF, 2015 WL 1399121, at *4-*5 (D.N.J. Mar. 26, 2015) (finding that the defendant "purposefully directed" activities toward New Jersey by hiring the plaintiff to work from home in New Jersey, "placing a key piece of their business in New Jersey[,] and engaging in continuous phone and e-mail exchanges with [the plaintiff] for the purposes of conducting that business").

Although Plaintiff contends that Defendant wanted her to live within driving distance of Washington, D.C., Plaintiff admits that she and Defendant's CEO discussed the possibility of her living in Maryland, Pennsylvania, or West Virginia. (Doc. No. 11-1 ¶ 9). Therefore, Defendant did not "purposefully direct" Plaintiff to live in Pennsylvania specifically, but merely accommodated Plaintiff's choice. See Grainer v. Smallboard, Inc., No. 16-4866, 2017 WL 736718, at *2 (E.D. Pa. Feb. 24, 2017) (declining to assert personal jurisdiction over the defendant in part because working from Pennsylvania "was not a condition or requirement of employment" with the defendant and the plaintiff admitted that he made a personal choice to work from Pennsylvania in order to spend more time with his family).

Moreover, the fact that Defendant updated employment records to reflect Plaintiff's new Pennsylvania address and deposited paychecks and commissions directly into Plaintiff's Pennsylvania bank account is not enough to create specific personal jurisdiction over Defendant.

See Grainer, 2017 WL 736718, at * 2 ("The fact that Smallboard.com made payments to Plaintiff's bank account in Pennsylvania, without more, does not establish specific jurisdiction."). While employers' tax payments to state authorities may be "contacts" relevant to the specific jurisdiction analysis, Plaintiff's claim does not "arise out of" Defendant's tax payments and therefore does not support Plaintiff's claim of specific personal jurisdiction. Id.

In conclusion, Plaintiff fails to meet her burden of demonstrating a prima facie case of personal jurisdiction over Defendant. Plaintiff has not shown that Defendant directed any activity at the Commonwealth of Pennsylvania; instead, Plaintiff merely alleges that Defendant accommodated Plaintiff's choice of location for her home office after hiring Plaintiff outside of Pennsylvania and asking Plaintiff to work in the Washington, D.C. area. Because Plaintiff has failed to sufficiently allege that Defendant "purposefully directed" activities at Pennsylvania, Plaintiff consequently has failed to establish that Plaintiff's claims arise out of Defendant's activities in Pennsylvania. Therefore, this Court lacks personal jurisdiction over Defendant.

B. **Venue**

In addition to requesting dismissal based on a lack of personal jurisdiction over Defendant, Defendant requests dismissal based on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, alternatively, requests transfer to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). There are multiple circumstances in which a district court can properly transfer proceedings to a different venue. In particular, a district court may transfer "any civil action to any other district or division where it might have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1404(a). In addition, a court may transfer a case if it is filed in an improper venue pursuant to 28 U.S.C. § 1406(a), or because of a lack of jurisdiction pursuant to 28 U.S.C. § 1631. Because the Court

lacks personal jurisdiction over Defendant in this case, the Court need not determine whether transfer would be appropriate under § 1404(a) or § 1406(a).  The court instead focuses on transfer pursuant to 28 U.S.C. § 1631.  See Connell, 2016 WL 7034407, at *4 (transferring the case under § 1631 when personal jurisdiction was "in doubt"); Hufnagel v. Ciamacco, 281 F.R.D. 238, 250 (W.D. Pa. 2012); Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004).

In order to transfer proceedings due to a lack of jurisdiction, the transferee court must be a court "in which the action or appeal could have been brought at the time it was filed."  28 U.S.C. § 1631.  Once such a court is identified, "[i]t is longstanding policy in the Third Circuit to transfer cases to a proper forum when personal jurisdiction is in doubt."  Connell, 2016 WL 7034407, at * 4 (citing Schwilm v. Holbrook, 661 F.2d 12, 15 (3d Cir. 1981)); Societe Nouvelle Generale de Promotion v. Kool Stop In'l, Inc., 633 F. Supp. 153, 155 (E.D. Pa. 1985); Amtrust at Lloyd's Ltd. v. Breslin, No. 14-7761, 2015 WL 1399588, at *4 (D.N.J. Mar. 26, 2015) ("The Third Circuit has held that where there is a bona fide dispute over the existence of *in personam* jurisdiction, the interests of justice are furthered by transfer of the action to another district in which the action could have clearly been brought.").  Transfer is preferable to dismissal due to lack of jurisdiction or improper venue because "[w]hen a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply."  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962).

In this case, the Court concludes that these proceedings could have been brought in the United States District Court for the Eastern District of Virginia.  Virginia's long-arm statute has been construed to "extend personal jurisdiction to the fullest extent permitted by the Due Process Clause."  Diamond Healthcare of Ohio v. Humility of Mary Health Partners, 229 F.3d 448, 450

9

(4th Cir. 2000).  Under the Due Process Clause, the "paradigm forum for the exercise of general jurisdiction" over a corporation is where "the corporation is fairly regarded as at home," which includes its principal place of business.  See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011); Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (identifying the corporation's place of incorporation and principal place of business as "paradigms" for the exercise of general jurisdiction).  Defendant has its principal place of business in Norfolk, Virginia, and is therefore subject to general personal jurisdiction in Virginia.  (Doc. Nos. 1 ¶ 5; 5 ¶ 4; 5-1.)

Venue is also appropriate in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2) because Plaintiff and Defendant entered into the employment agreement when Defendant was located in Virginia, and "[a]ny such decisions not to pay Plaintiff were made at Mission Mobility's office in the Eastern District of Virginia . . . ."  (Doc. No. 5 ¶ 23.)  Therefore, the Eastern District of Virginia is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).

Accordingly, this Court will transfer this proceeding to the United States District Court for the Eastern District of Virginia.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendant.  The Court will deny Defendant's motion to dismiss, and will grant Defendant's motion to transfer the proceeding to the United States District Court for the Eastern District of Virginia.  An order consistent with this memorandum follows.